Case No. 14-15095-A

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

LISA R. LEE,

                                                                              Petitioner – Appellant,

versus

UNITED STATES OF AMERICA,

                                                                              Respondent – Appellee.

_____

Appeal from the U.S. District Court for the Northern District of Georgia
The Hon. William C. O'Kelley – Case Nos. 1:10-CR-345; 1:14-CV-1453
_____

**OPPOSED MOTION FOR RELEASE PENDING APPEAL**
_____

Jesse C. Stewart, La. Bar. No. 36282
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Tel. 504-586-5252
Fax 504-586-5250
jstewart@fishmanhaygood.com

*CJA Counsel for Petitioner-Appellant*

**MAY IT PLEASE THE COURT:**

Petitioner-Appellant Lisa R. Lee ("Lee") respectfully moves the Court for release on bond pending the outcome of her appeal of the district court's denial of her motion to vacate conviction and sentence pursuant to 28 U.S.C. § 2255. Undersigned counsel has conferred with counsel for the United States, and the United States opposes Lee's request for release.

In support of her request, Lee states:

1.

A prisoner seeking release pending the resolution of a habeas petition must satisfy two conditions: First, she "must demonstrate a likelihood of success on the merits of a substantial constitutional claim; second, extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought."[1]

2.

Lee submits that each of these conditions is satisfied in her case.

3.

First, Lee has demonstrated a likelihood of success on the merits of a substantial constitutional claim.[2]

---

[1] *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990) (citing *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)).
[2] *Gomez*, 899 F.2d at 1125.

4.

Lee's habeas petition alleges, *inter alia*, that her prior counsel was ineffective for having failed to challenge her indictment on the ground that it was based on evidence illegally obtained during a proffer session,[3] and for having failed to challenge her indictment on the ground that it was "FILED IN CHAMBERS,"[4] not returned "in open Court."[5]

5.

Lee raised these constitutional claims in her original *pro se* motion to vacate conviction and sentence, arguing that counsel was ineffective for having failed to challenge the flawed indictment[6] and that she was prejudiced by counsel's

---

[3] *Kastigar v. United States*, 406 U.S. 441 (1972) 406 U.S. 441 (1972); *United States v. Schmidgall*, 25 F.3d 1523, 1528 (11th Cir. 1994) ("[W]hen presented with a *Kastigar* challenge, a court's task is to determine whether any of the evidence used against the defendant was in any way derived from his compelled immunized testimony. Once a defendant shows that he has testified under immunity, the prosecution has the burden of showing that its evidence is not tainted; this is done by establishing the existence of an independent, legitimate source for the disputed evidence." (footnote omitted)).

[4] R. Doc. 1 at p. 1.

[5] *Renigar v. United States*, 172 F. 646, 658 (4th Cir. 1909) (an indictment not returned "in open court" with "all of the grand jurors being present and answering to their names" "renders the proceedings not simply voidable, but absolutely void"; *see also Glenn v. United States*, 303 F.2d 536, 539 (5th Cir. 1962) (citing *Renigar* for the rule that "the indictment shall be returned by the grand jury to a judge in open court"); *United States v. Cox*, 342 F.2d 167, 176 (5th Cir. 1965) ("[An indictment] must be returned by the grand jury to a judge in open court."). In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted all decisions of the Fifth Circuit rendered prior to October 1, 1981 as binding precedent.

[6] In her motion to vacate Lee asserted that the "government broke promises made to Lee during proffers," R. Doc. 106-1 at p. 10, and argued that counsel was ineffective for having failed to challenge the indictment on the basis that "'protected' information was presented to the grand jury." R. Doc. 88-1 at p. 2; R. Doc. 106-1 at p. 2 (same); *see also* R. Doc. 106-1 at p. 4 ("Counsel failed to challenge the Indictment or check to see if the Grand Jury process was adhered to OR if 'protected' information was presented to the Grand Jury to obtain an indictment."), and having

performance because had counsel challenged the indictment she would not be "imprisoned FOR A SECOND TIME FOR THE SAME CONDUCT."[7]

6.

Lee supported these arguments with citations to correspondence with counsel showing that counsel refused to contact Lee's former attorney to request a copy of her proffer agreement,[8] and was ignorant of the law regarding when and how a defendant may challenge the constitutional validity of an indictment.[9]

7.

On this record, Lee submits that there is a strong basis to believe that she will prevail in her claim that her counsel was ineffective for failing to challenge the constitutionality of her indictment (and subsequent conviction).

---

"failed to challenge the indictment which was not 'filed in open court.'" R. Doc. 88-1 at p. 2; *see also* R. Doc. 106-1 at p. 2 (same); R. Doc. 106-2 at p. 10 (alleging that counsel failed to challenge various deficiencies related to the August 10 Indictment, including that "the Indictment does not bear the stamp 'filed in open court'").

[7] *See* R. Doc. 106-2 at p. 8 (emphasis in original). Lee's motion expressly raised the issue of whether her counsel was ineffective for having "failed to challenge the indictment which was not 'filed in open court.'" R. Doc. 88-1 at p. 2; *see also* R. Doc. 106-1 at p. 2 (same); R. Doc. 106-2 at p. 10 (alleging that counsel failed to challenge various deficiencies related to the August 10 Indictment, including that "the Indictment does not bear the stamp 'filed in open court'")

[8] *See* R. Doc. 106-3 at p. 7 (Email from Matthew Dodge to Lisa Lee, June 20, 2012 ("6. No, I will not ask [Mr.] Saul for your letter. You are welcome to do it, but I have no right to acquire documents in his file. Only you, as his client, have that right.").

[9] *See* R. Doc. 106-3 at p. 7 (Email from Matthew Dodge to Lisa Lee, June 20, 2012 ("5. No, I cannot find out when the grand jury was in session in your case. No, I cannot acquire any information at all about the witnesses at the grand jury. If you want to send me that information you read in prison, I will look at it. However, the grand jury secrecy rules are so tight, that I know of know [sic] way to get the information you seek.")).

8.

Lee further submits that "extraordinary and exceptional circumstances … exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought."[10]

9.

Lee's constitutional claims call into question the integrity of each step of Lee's criminal conviction: Should Lee ultimately prevail on her constitutional challenges, her conviction and sentence will be vacated, and her indictment will be dismissed.[11]

10.

In the event that Lee prevails on her claims there will be no legal basis for her continued detention, thus requiring her release.[12]

11.

Should Lee ultimately prevail in her constitutional challenge, there will be no way to recover the loss of liberty occasioned by her continued detention

---

[10] *Gomez*, 899 F.2d at 1125.

[11] *See United States v. Hampton*, 775 F.2d 1479, 1491 (11th Cir. 1985) ("We conclude that Hampton's motion to dismiss the indictment under the principles of *Kastigar* should have been granted. We therefore reverse the district court's ruling on this motion and remand to the district court. On remand, the district court shall vacate appellant's conviction and sentence and dismiss the indictment."); *see also Renigar*, 172 F. at 658.

[12] *Hampton*, 775 F.2d at 1491; *Renigar*, 172 F. at 658; *cf. Hill v. Texas*, 316 U.S. 400, 406 (1942) ("A prisoner whose conviction is reversed by this Court need not go free if he is in fact guilty, for Texas may indict and try him again by the procedure which conforms to constitutional requirements. But no state is at liberty to impose upon one charged with crime a discrimination in its trial procedure which the Constitution, and an Act of Congress passed pursuant to the Constitution, alike forbid.").

pursuant to an illegal indictment and conviction. As such, Lee submits that the effectiveness of the habeas relief sought may only be preserved by her immediate release pending the outcome of her appeal.[13]

12.

Lee submits that release pending the outcome of her appeal is particularly appropriate here because the terms of her original September 7, 2010 $50,000.00 non-surety pre-trial detention bond provide that it is "a continuing bond (including any proceeding on appeal or review) which shall continue until such time as [Lee is] exonerated."[14]

13.

Lee further submits that her release on bond will enable her to aid in the preparation of oral argument in her appeal (set for July 26, 2017), and in the investigation of her case pending a remand to the district court for additional proceedings.

**WHEREFORE,** Appellant-Petitioner Lisa R. Lee respectfully asks that this motion be granted, that she be released, and that bond be set at $50,000.00, consistent with the terms imposed by the district court in its original September 7, 2010 order granting pre-trial release.

Respectfully submitted,

---

[13] *Gomez*, 899 F.2d at 1125.
[14] R. Doc. 22 at p. 1; *see also* R. Doc. 23.

*/s/* _____

Jesse C. Stewart, La. Bar. No. 36282
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Tel. 504-586-5253
Fax 504-586-5250
jstewart@fishmanhaygood.com

*CJA Counsel for Petitioner-Appellant*

## CERTIFICATE OF INTERESTED PARTIES

Pursuant to 11th Cir. R. 28-1(b), undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal:

1. Petitioner-Appellant Lisa R. Lee;

2. Jesse C. Stewart, Jason W. Burge, and Alysson L. Mills, appellate counsel for Petitioner-Appellant;

3. Whitman Matthew Dodge, trial counsel and appellate counsel for Petitioner-Appellant;

4. Michael Saul, former counsel for Petitioner-Appellant;

5. Respondent-Appellee the United States of America;

6. John A. Horn, U.S. Attorney, and Lawrence R. Sommerfeld, Sally Q. Yates, and J. Elizabeth McBath, Assistant U.S. Attorneys, appellate counsel for Respondent-Appellee;

7. Sally Q. Yates, former U.S. Attorney, and Nicholas Oldham and Barbara E. Nelan, Assistant U.S. Attorneys, trial counsel for Respondent-Appellee;

8. U.S. District Court Judge William C. O'Kelley;

9. U.S. Magistrate Judge C. Christopher Hagy;

10. Dell, Inc., Exxon Mobil Corp., Key Bank, The Home Depot, Inc., Office Depot, Inc., Chevron Phillips Chemical Company, LLC, Phillips 66/Conoco 66, Staples, Inc., SunTrust Bank, Inc., American Express Company, Capital One Financial Corporation, First Hawaiian Bank, HSBC/Best Buy, Marlin Leasing, Sam's Club, Sam's Club Discover, Advanta, Royal Dutch Shell PLC, Sears Holdings Corp., BirdDog Solutions (f/k/a CTG Financial Services), AmeriCredit/GM Financial Services, Sovereign Bank, victims.

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2017, a copy of the foregoing was served upon the Petitioner-Appellant via U.S. Mail and upon counsel for the United States via ECF, email, and/or U.S. mail:

>Lisa R. Lee, #55562-019
>Satellite Prison Camp - Aliceville
>P.O. Box 487
>Aliceville, AL 35442

>J. Elizabeth McBath, Assistant U.S. Attorney
>Sally Q. Yates, Assistant U.S. Attorney
>U.S. Attorney's Office for the Northern District of Georgia
>75 Ted Turner Drive SW, Suite 600
>Atlanta, Georgia 30303
>(t):    (404) 581-6000

>New Orleans, Louisiana
>July 10, 2017
>
>/s/ Jesse Stewart
>
>Jesse C. Stewart, La. Bar. No. 36282