No. 14-15095-A

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LISA R. LEE,

*Defendant-Appellant.*

On appeal from the United States District Court
for the Northern District of Georgia
No. 1:10-CR345

**Response to Defendant's Motion for
Release Pending Appeal**

JOHN A. HORN
*United States Attorney*

J. ELIZABETH MCBATH
*Assistant United States Attorney*

600 United States Courthouse75 Ted
Turner Drive, S.W.
Atlanta, GA 30303
(404) 581-6000

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Counsel hereby certifies that the following people and entities may have an interest in the outcome of this appeal:

Burge, Jason W., appellate defense counsel

Dodge, W. Matthew, trial defense counsel

Hagy, Christopher C. Honorable, United States Magistrate Judge

Horn, John A., United States Attorney

Lee, Lisa R., Petitioner-Appellant

McBath, J. Elizabeth, Assistant United States Attorney

Mills, Alysson L., appellate defense counsel

Oldham, Nicholas, former Assistant United States Attorney

O'Kelley, William C., Honorable, United States District Court Judge (deceased)

Nelan, Barbara E., former Assistant United States Attorney

Saul, Michael, former defense counsel

Sommerfeld, Lawrence R., Assistant United States Attorney

Stewart, Jesse C., appellate defense counsel

United States of America, Appellee

Victims – Dell, Inc.; Exxon Mobil Corp.; Key Bank; The Home Depot, Inc.; Office Depot, Inc.; Chevron Phillips Chemical Company, LLC; Phillips 66/Conoco66; Staples, Inc.; SunTrust Bank, Inc.; American Express Company; Capital One Financial Corporation; First Hawaiian Bank; HSBC/Best Buy; Marlin Leasing; Sam's Club; Sam's Club Discover; Advanta; Royal Dutch Shell PLC; Sears Holdings Corp.; BirdDog Solutions (f/k/a CTG Financial Services); AmeriCredit/GM Financial Services; and Sovereign Bank.

No. 14-15095-A

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

### UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

### LISA R. LEE,

*Defendant-Appellee.*

### Response to Defendant's Motion for
### Release Pending Appeal

Yesterday, Defendant filed a motion for release on bond pending the outcome of her appeal challenging the district court's denial of her 28 U.S.C. § 2255 motion. The case has been thoroughly briefed, and oral argument is set for July 26, 2017.

In support of her motion for release, Defendant cites to *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990), and asserts that she has met both legal requirements for relief. (Def. Mot. at 2). Specifically, she asserts that she has "demonstrated a likelihood of success on the merits of a substantial constitutional claim," and, in support of that allegation, simply reiterates her arguments that

counsel was constitutionally ineffective. (*Id.* at 2-4). She also asserts that "extraordinary and exceptional circumstances . . . exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought." (*Id.* at 5). In support of this assertion, Defendant claims that, if she prevails on appeal, she will never be able "to recover the loss of liberty occasioned by her continued detention." (*Id.* at 5-6).

This is not the first time Defendant has asked this Court to release her pending the outcome of her § 2255 appeal. Indeed, this is her third request. First, in her motion seeking a Certificate of Appealability from this Court allowing her to appeal the district court's denial of her § 2255 motion, she also sought a Certificate of Appealability on the district court's denial of bond. This Court denied that request: "To the extent that Lee seeks a COA on her arguments about Fed. R. Civ. P. 11 and the denial of bond, no COA will issue on those claims. Civil Rule 11 had no bearing on Lee's criminal case, and Lee did not make the requisite showing for release pending habeas relief." (Order, August 7, 2015) (citing *Gomez*, 899 F.2d at 1125).

Second, Defendant moved for this Court to reconsider its August 7, 2015, Order denying her a Certificate of Appealability on the denial of bond, and again this Court denied that request: "Lee's

3

motion for reconsideration is denied because she has offered no new evidence or arguments of merit to warrant relief." (Order, dated March 24, 2016).

It is also important to note that, while seeking release from this Court, Defendant filed a motion for release in the district court. (Doc. 152). In that motion, she asked for bond pending appeal of her second appeal in the underlying district court case (one that involves the district court's order on restitution). Her argument in support of that motion, though, was a cut-and-paste of her motion filed with this Court. (*Id.*). As such, her arguments in the district court for why she should be released pending appeal of the restitution order were the exact same arguments that she presents here for why she has demonstrated a likelihood of success on the merits and why her case presents extraordinary and exceptional circumstances. (*Id.*). Just as this Court previously ruled, the district court denied her motion for bond pending appeal, and also found her appeal to be "completely frivolous." (Doc. 153).

Defendant's most recent motion seeking release offers no new arguments; that is, Defendant offers nothing new as to how she has demonstrated a likelihood of success on the merits, and nothing new as to how her case presents extraordinary or exceptional circumstances. *See Gomez*, 899 F.2d at 1125. And the arguments she

does present certainly do not rise to the heightened standard required for release pending appeal of a § 2255 motion:

> Before, and during, trial, the accused enjoys a presumption of innocence, and bail is normally granted. The presumption fades upon conviction, and can be of significance after the defendant's appeal has been rejected. Correspondingly, the state acquires a substantial interested in executing its judgment. Quite apart from principles of comity, this combination of factors dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies.

*Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972); *see also Baker v. Sard*, 420 F.2d 1342 (D.D. Cir. 1969); *Pritchett v. United States*, 67 F.2d 244, 245 (4th Cir. 1933) ("It is only in very exceptional cases that persons sentenced to imprisonment should be admitted to bail pending appeal"). If anything, her case presents the "extraordinary circumstance" of having committed the underlying extensive fraud immediately after she was last released from jail for her prior conviction. Thus, this Court's previous two denials of Defendant's

motion for release should be respected and affirmed.

Respectfully submitted,

JOHN A. HORN
    *United States Attorney*

J. ELIZABETH McBATH
    *Assistant United States Attorney*

## CERTIFICATE OF COMPLIANCE AND SERVICE

This brief complies with the typeface requirements of Fed. R. App. P. 32(a) (5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Goudy Old Style, a proportionally spaced typeface, using Microsoft Word 2016 word processing software.

This response complies with the 5,200-word type-volume limitation of Fed. R. App. P. 27(d)(2) because, according to the word processing software, it contains 755 words, excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B) and 32(f), and excluding the title page, certificates, caption, and signature block.

Today, this motion was filed and served using the Court's CM/ECF system, which automatically sends notification to the parties and counsel of record.

July 11, 2017

_____

/s/J. ELIZABETH MCBATH
*Assistant United States Attorney*

7