[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15095
_____

D.C. Docket Nos. 1:14-cv-01453-WCO,
1:10-cr-00345-WCO-CCH-1

LISA R. LEE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 6, 2017)

Before WILLIAM PRYOR, MARTIN, and ROSENBAUM, Circuit Judges.

MARTIN, Circuit Judge:

Lisa Lee is a federal prisoner serving a 121-month sentence for bank fraud and identity theft.  Ms. Lee filed a pro se motion to vacate her sentence under 28 U.S.C. § 2255 alleging ineffective assistance of counsel.  The District Court denied her motion, without holding an evidentiary hearing, on the ground that she failed to show prejudice.  The District Court ruled that Ms. Lee's only allegation of prejudice for her various ineffective-assistance claims was that she received a longer sentence. After careful consideration, and with the benefit of oral argument, we reverse and remand for further proceedings consistent with this opinion because, liberally construing her pro se filings, Ms. Lee made other allegations of prejudice. However, this does not mean that the District Court must now hold an evidentiary hearing. We leave it to the District Court to decide, in the first instance, whether Ms. Lee's allegations are sufficient to entitle her to further proceedings.

## I.  BACKGROUND

A.  THE FACTS

### 1.  Ms. Lee's Prior Conviction and Supervised Release Violation

Seven years before she was indicted in this case, Ms. Lee pled guilty to mortgage fraud and mail fraud.  For those crimes she was sentenced to 18-months imprisonment followed by a three-year term of supervised release.  While on supervised release, Ms. Lee began participating in "an extensive and sophisticated bank fraud and identity theft scheme."  Ms. Lee was arrested for violating the

2

terms of her supervised released by perpetrating this fraudulent scheme.  She admitted to the alleged supervised-release violations and, as punishment for those violations, the District Court revoked her supervised release and sentenced her to 23-months imprisonment.

### 2.  Ms. Lee's Indictment and Conviction in This Case

The day Ms. Lee was released from serving her sentence for violating her supervised release, a federal grand jury indicted her for her participation in the fraud scheme.  The indictment charged Ms. Lee with one count of conspiracy to commit bank, mail, and wire fraud in violation of 18 U.S.C. § 1349 (Count One); one count of aiding and abetting bank fraud in violation of 18 U.S.C. § 2 and § 1344 (Count Two); and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Three).  Throughout her criminal proceedings, Ms. Lee was represented by a lawyer from the Federal Defender Program.

Ms. Lee pled guilty to all three counts in the indictment.  The District Court sentenced her to a total of 121-months imprisonment—97 months for Counts One and Two, followed by a mandatory consecutive 24-month sentence for the aggravated identity theft count.

Ms. Lee filed a direct appeal arguing only that her sentence was substantively unreasonable.  See United States v. Lee, 502 F. App'x 916, 917 (11th

Cir. 2012) (per curiam) (unpublished).  This Court affirmed her sentence.  Id. at

919.

### 3.  Ms. Lee's § 2255 Motion

After Ms. Lee's sentence was affirmed on appeal, she filed her pro se § 2255

motion.  Ms. Lee argued that her defense attorney was constitutionally ineffective

at every stage of her case.  First, she alleged counsel was ineffective at the

investigative stage.  She said counsel should have moved to dismiss the indictment

because it was obtained using "protected" information.  Second, Ms. Lee alleged

counsel was ineffective at the plea stage.  According to Ms. Lee, if counsel had

explained the elements of the charges against her, she would have known she was

not guilty of one of the charges.  And counsel failed to tell her that she could plead

not-guilty to some counts while pleading guilty to others.  Third, Ms. Lee alleged

counsel was ineffective at the sentencing stage for reasons including that he failed

to explain that she could receive additional criminal history points because she

committed her offense while on supervised release.  Last, Ms. Lee said counsel

was ineffective at the appellate stage because there was evidence on the record to

support better arguments.

## B.  GOVERNING LAW

To prove ineffective assistance of counsel, a petitioner must show: (1)

counsel performed deficiently; and (2) the deficient performance prejudiced the

defendant.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  This appeal involves only the issue of prejudice.  To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694, 104 S. Ct. at 2068.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.

## C.  THE DISTRICT COURT'S ORDER

The District Court denied Ms. Lee's § 2255 motion.  It did so without getting a response from the government and without holding an evidentiary hearing.  The District Court said "the only argument Petitioner makes with respect to prejudice is that due to her attorney's deficiencies, she received a sentence three . . . or four . . . times longer than she 'should have.'"  (Emphasis added.)  The court then examined in detail whether her attorney's alleged deficiencies caused her sentence to be higher than it would otherwise have been.  The court ultimately found no prejudice at sentencing.  "In sum," the court concluded, "none of the adjustments Petitioner imagines should have been argued by her counsel have any merit.  Thus, Petitioner cannot show her claim of prejudice for being sentenced to 3 or 4 times as much time as she 'should have been.'"

However, unlike its analysis with regard to Ms. Lee's sentence, the District Court did not analyze whether Ms. Lee was prejudiced by counsel's performance

5

at the investigative, plea, or appellate stages.  The court apparently decided it didn't need to address the merits of Ms. Lee's ineffective-assistance claims at those stages because she failed to even allege prejudice for those stages.  The court said it "could conclude its discussion based on Petitioner's failure to demonstrate any prejudice from her attorney's allegedly deficient performance."

D.  CERTIFICATE OF APPEALABILITY

This Court granted Ms. Lee a certificate of appealability ("COA") limited to the allegations of prejudice the District Court did not discuss.  Specifically, the COA asked:

> Whether the district court erred when it summarily denied relief on Lee's claims that her counsel was ineffective during the investigation, plea, and appellate stages of her criminal case, on the ground that Lee failed to allege prejudice as to those claims.

## II.  DISCUSSION

When reviewing the denial of a § 2255 motion, we review de novo the district court's conclusions of law and we review for clear error its findings of fact. Thompson v. United States, 504 F.3d 1203, 1206 n.4 (11th Cir. 2007).  Because Ms. Lee filed her § 2255 motion pro se, we must construe her allegations liberally. See Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014).  But even a pro se motion must offer "some facts."  Redman v. Dugger, 866 F.2d 387, 389 n.3 (11th Cir. 1989).

We conclude the District Court was mistaken when it found the "only" allegation of prejudice in Ms. Lee's § 2255 motion was related to the length of her sentence.  Liberally construing Ms. Lee's motion, she also alleged prejudice from her counsel's failures to challenge her indictment, provide her with information relevant to her guilty plea, and make better arguments on direct appeal.  While we remand for the District Court to address, in the first instance, Ms. Lee's claims of ineffective assistance in light of her various allegations of prejudice, we briefly identify some of Ms. Lee's allegations of prejudice which the District Court should have construed her motion to make.  Also, the question of whether the District Court should hold a hearing as an aid to decide the merits of Ms. Lee's assertions of prejudice is left to the discretion of that court.

## A.  INVESTIGATION-STAGE CLAIM

Ms. Lee alleged that counsel was ineffective because he failed to challenge the indictment based on the government's improper use of information that she gave the government in a proffer session after being promised immunity.  "When the government seeks to prosecute a witness who previously has given self-incriminating testimony pursuant to a grant of immunity, serious Fifth Amendment questions are raised."  United States v. Schmidgall, 25 F.3d 1523, 1528 (11th Cir. 1994).  In Kastigar v. United States, 406 U.S. 441, 92 S. Ct. 1653 (1972), the Supreme Court held that such a prosecution is permissible, but the government is

prohibited from "using the compelled testimony in <u>any</u> respect" that would "lead to the infliction of criminal penalties" on the person who made the self-incriminating statements.  <u>Id.</u> at 453, 92 S. Ct. at 1661; <u>see also</u> <u>Rowe v. Griffin</u>, 676 F.2d 524, 527 (11th Cir. 1982) ("[U]nder the self-incrimination clause of the fifth amendment, evidence of guilt induced by a government promise of immunity is 'coerced' evidence and may not be used against the accused.").

Ms. Lee says she had two proffer sessions with the government, including one before she was indicted.  According to Ms. Lee, "[t]he government promised that if Lee cooperated, no information given to them was to be used to indict Lee." Ms. Lee alleged that at the proffer session "prior" to her indictment, she gave the government information pertaining to the bank fraud scheme.  (Emphasis removed.)  She said she "explained how her photo came to be in the hands of the 'bank fraudster' and [] identified [her coconspirator] from the bank surveillance photos."[1]  She also said she "gave detailed information about the [bank fraud] incident, [including] the locations and whatever [she] knew about [her coconspirator's] associates."  (Emphasis removed.)  Ms. Lee alleged that the

---

[1] Count Two charged Ms. Lee with aiding and abetting bank fraud by participating in a scheme to defraud Flagstar Bank by depositing a counterfeit check.  As the presentence investigation report explained, Ms. Lee did not personally open the fraudulent account at Flagstar Bank.  Rather, a coconspirator opened the checking account using a fraudulent driver's license that "bore a photograph of [Ms. Lee]" and contained the biographical information of a third person whose identity Ms. Lee had stolen.

government then "lied" to her and "indict[ed] her" based on this "protected information."

Ms. Lee asserted that counsel was deficient because he "failed to ask for a Kastigar hearing to see if [this] 'protected' information was presented to the grand jury."[2]  She claimed he was deficient for his "failure to file a motion to dismiss the indictment" based on "Grand Jury presentations" in which the government used evidence that was "'tainted' [] because defendant 'sat-down' with the government PRIOR."  And she "ask[ed] that the Court vacate her conviction and sentence and remand with instructions for the District Court to dismiss the indictment with prejudice."

Liberally construing these pleadings, Ms. Lee has alleged that she was prejudiced by counsel's failure to pursue her Kastigar claim.  If the government did in fact violate Kastigar, the remedy would be dismissal of the indictment.  See United States v. Gregory, 730 F.2d 692, 698 (11th Cir. 1984).  And Ms. Lee alleged that counsel should have sought dismissal on that basis.  Further, her motion explicitly acknowledged her burden under Strickland to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

---

[2] At a Kastigar hearing, the court determines "whether any of the evidence used against the defendant was in any way derived from his compelled immunized testimony."  Schmidgall, 25 F.3d at 1528.  "The government has the burden of proving that all of the evidence it obtained and used against the defendant, including the testimony of other witnesses, was untainted at every step of the investigation by immunized testimony."  United States v. Hill, 643 F.3d 807, 877 (11th Cir. 2011).

the proceeding would have been different."  Her motion explained that she "has demonstrated how the outcome would have been different by . . . . demonstrating that" she should not have been indicted based on information "the government promised NOT to hold against [her]."  Taken together, these allegations plead prejudice from her lawyer's failure to raise the <u>Kastigar</u> issue during the investigation stage.

The District Court acknowledged that Ms. Lee claimed counsel was ineffective at the investigation stage because he "failed to . . . seek a <u>Kastigar</u> hearing."  The court also recognized that she "refer[red] on numerous occasions to the fact that the Government used information against her that it had obtained in two separate 'proffer' sessions with her."  But it ignored that Ms. Lee alleged prejudice unrelated to her "sentencing."  The District Court erred by failing to construe Ms. Lee's <u>pro se</u> filings liberally and address the allegation that she was prejudiced by her counsel's failure to request a <u>Kastigar</u> hearing or otherwise challenge her indictment.  <u>See</u> <u>Rhode v. United States</u>, 583 F.3d 1289, 1291–92 (11th Cir. 2009) (holding that the district court had to address an ineffective-assistance claim where the <u>pro se</u> petitioner alleged that counsel should have filed a motion to withdraw his guilty plea and asked the court to set aside his plea).

10

B.  PLEA-STAGE CLAIM

Ms. Lee alleged prejudice from her counsel's "fail[ure] to explain the elements of the offenses [she] was charged with."  (Emphasis omitted)**.**  In the same way, she also alleged prejudice from his failure to explain "that you can plead guilty to one charge and go to trial on another (on the same indictment)." She stated that "[h]ad [she] understood the elements, she would have known she was not guilty of some of the elements and without all of the elements, not guilty of the charge."  With respect to how this prejudiced her, Ms. Lee also explained:

> Defendant pled guilty upon bad advice from her attorney and because . . . when she asked her attorney if she could plead guilty to only the Conspiracy (Count-1) counsel said, "That is not an option, the prosecutor refuses to dismiss any of the charges so plead guilty to all or you go to trial. . . .  Even if you aren't guilty of Bank Fraud[,] the prosecution will say you aided [your coconspirator] so pleading guilty is the right thing to do."

(Emphasis removed.)

This alleges prejudice from counsel's failure to explain the charges and tell Ms. Lee that she could go to trial on some counts while pleading guilty to others. To establish prejudice in the context of a guilty plea, the petitioner must show "a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).  Ms. Lee's allegations plead exactly that.  She said "she asked her attorney if she could plead guilty to only the Conspiracy (Count-

1)"—and not to bank fraud (Count Two)—but her lawyer told her "[t]hat is not an option."  As a result, she "pled guilty [to bank fraud] upon bad advice from her attorney."  (Emphasis partially removed.)  In short, her allegation is that if her lawyer had told her she had the option not to plead guilty to the bank fraud count, she wouldn't have done so.  This alleges that, "but for counsel's errors, [s]he would not have pleaded guilty [to the bank fraud count] and would have insisted on going to trial."  See Hill, 474 U.S. at 59, 106 S. Ct. at 370.  The District Court acknowledged that Ms. Lee claimed her counsel was ineffective at the plea stage because he "did not explain the elements of bank fraud" and "did not inform her she could plead guilty to one count of an indictment and not others."  The District Court erred by failing to construe Ms. Lee's filings liberally and by ignoring the allegations that she suffered prejudice at the plea stage apart from the length of her sentence.

## C.  APPELLATE STAGE

Similarly, liberally construing Ms. Lee's pro se filings, she alleged that she suffered prejudice from the actions of her counsel on direct appeal.  Ms. Lee alleged that "[t]here was evidence 'on the record' to support better arguments" and identified specific arguments her counsel should have made, including that the government inappropriately used information from her proffer sessions to indict her.  Although Ms. Lee never precisely articulated the allegation that she would

have won on appeal if her counsel had made the arguments she identified, <u>see</u> <u>Eagle v. Linahan</u>, 279 F.3d 926, 943 (11th Cir. 2001), the District Court erred by failing to address these allegations.

## III.  CONCLUSION

We reverse the District Court's denial of Ms. Lee's § 2255 motion.  The District Court must liberally construe Ms. Lee's <u>pro se</u> filings and address her allegations of prejudice unrelated to the length of her sentence.  We remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**